**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| Asociación de Exportadores e Industriales de Aceitunas de Mesa;<br>Agro Sevilla Aceitunas S. Coop. And.,<br>Angel Camacho Alimentación, S.L.,<br><br>     Plaintiffs,<br><br>    v.<br><br>United States,<br>     Defendant. | Court No. 24-00078 |

**COMPLAINT**

Plaintiffs, Asociación de Exportadores e Industriales de Aceitunas de Mesa ("ASEMESA"); Agro Sevilla Aceitunas S. Coop. And. ("Agro Sevilla"), and Angel Camacho Alimentación, S.L. ("Camacho") (collectively the "Plaintiffs"), by and through their counsel, hereby allege and state the following:

**JURISDICTIONAL STATEMENT**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C.§ 1516a. This action contests the final results issued by the U.S. Department of Commerce ("Commerce" or the "Department") in the fourth administrative review of the countervailing duty order on Ripe Olives from Spain (Case No. C-469-818). *See Ripe Olives From Spain: Final Results of Countervailing Duty Administrative Review; 2021*, 89 Fed. Reg. 17,385 (Dep't of Commerce March 11, 2024) ("Final Results").

2. Commerce's analysis of the issues is contained in an Issues and Decision Memorandum dated March 5, 2024. ("Final I&D").

## STANDING OF PLAINTIFFS

3. Plaintiff ASEMESA is a "business association a majority of the members of which are producers, exporters, or importers of such merchandise," as described in Section 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and participated in the administrative review now being challenged. Agro Sevilla and Angel Camacho are foreign producers and exporters of subject merchandise who were responding parties in the administrative review now being challenged. Plaintiffs are therefore interested parties within the meaning of 19 U.S.C. §1677(9)(A) and 1516a(f)(3).

4. Plaintiffs have standing to bring this action under section 516A(d) of the Tariff Act of 1930, 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(e).

## TIMELINESS OF THIS ACTION

5. Commerce published notice of the contested determination on March 11, 2024. *See* 89 Fed. Reg. 17,385. This action was commenced with the filing of the Summons on April 10th, 2024, within 30 days after the publication of the Final Results. This complaint is being filed within 30 days of the filing of the summons in accordance with Rule 3(a)(2) of the Court of International Trade. Accordingly, this action is timely filed under 19 U.S.C 1516a(a)(2)(A).

## STATEMENT OF FACTS

6. The original CVD order on ripe olives from Spain was imposed on June 2018. *See Ripe Olives From Spain: Final Affirmative Determination of Sales at Less Than Fair Value,*

     83 Fed. Reg. 28,193 (June 18, 2018) and accompanying Final I&D Memo.  The final results were amended in *Ripe Olives from Spain: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 37,469 (Aug. 1, 2018).

7. On October 11, 2022, the Department of Commerce published notice of initiation of the fourth administrative review of the countervailing duty order on ripe olives from Spain. *See: Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 61,278 (October 11, 2022).  Agro Sevilla and Camacho were interested parties and were subject to individual examination in the review.  Commerce published its Preliminary Results on September 7, 2023.  *See Ripe Olives From Spain: Preliminary Results of Countervailing Duty Administrative Review; 2021*, 88 Fed. Reg. 61,517 (Sep. 7, 2023), and accompanying Issues and Decision Memorandum dated September 1, 2023 ("Prelim I&D").

8. On March 6, 2024, Commerce issued its Final Results which were later published on March 11, 2024.  *See Ripe Olives From Spain: Final Results of Countervailing Duty Administrative Review; 2021* (89 Fed. Reg. 17,385).

9. For the Final Results, Commerce sustained preliminary findings that because 59.09 percent of manzanilla, gordal, carrasqueña, and hojiblanca varietals were processed into tables olives in Harvest 2021, the first condition of Section 771B of the Tariff Act of 1930, 19 U.S.C. § 1677-2, was met, and namely that demand for the prior stage product was "substantially dependent" on demand for the prior stage product.  Prelim I&D at 11; Final I&D at 13.

10. In performing its substantially dependent calculation, the Department noted that while the cacereña varietal is one of the five biologically distinct varietals included in the prior stage

product, it was not included in the analysis based on a purported lack of information regarding the total production volumes, mill production volumes, or the total hectares dedicated to the production of cacereña that would permit its inclusion. Final I&D at 15.

11. In addition, the Department claimed that its substantial dependence finding analysis was consistent and thereby supported by other factual findings that "table" and "mill" olives are not generally not interchangeable, including "dual-use" olives. Final I&D at 14.

12. Finally, the Department dismissed other varietal-specific, production-based data and evidence on the record in favor of generic, category-based data for "mill" and "table" olives to perform its substantial dependence analysis even though the later data did not permit a varietal-specific examination. Final I&D at 15-16.

## STATEMENT OF CLAIMS

13. In the following respects, and for other reasons apparent from the administrative record of Commerce's CVD investigation, the Final Results are not supported by substantial evidence on the record and is otherwise not in accordance with law.

**Count 1:   The Department's determination that demand for its designated "prior stage product" is "substantially dependent" on demand for its designated "latter stage product", within the meaning of 19 U.S.C. 1677-2, is contrary to law as it applies an erroneous "substantially dependent" standard.**

14. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 13. Under Section 771B of the Tariff Act of 1930, in the case of an agricultural product processed from a raw agricultural product, Commerce is permitted to impute subsidies received by growers of the raw agricultural product to the producers of the processed product provided two criteria are met: (1) the demand for the prior stage product is substantially dependent on the

demand for the latter stage product, and (2) the processing operation adds only limited value to the raw commodity . . . . 19 U.S.C. § 1677-2.

15. In finding the first condition under Section 771B was met in its Final Results, Commerce applied an erroneous standard for determining that demand for the prior stage product as it identified in the proceeding was "substantially dependent" on the demand for the later stage product.

**Count 2:** **Even assuming the Department applied a legally correct "substantially dependent" standard, its determination that demand for its designated "prior stage product" is "substantially dependent" on demand for its designated "latter stage product", within the meaning of 19 U.S.C. 1677-2, is not supported by substantial evidence.**

16. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 15.

17. Even assuming that Commerce applied a legally correct "substantially dependent" standard under 19 U.S.C. § 1677-2, Commerce's conclusion is not supported by substantial evidence.

18. Commerce's purported exclusion of cacereña from its analysis is incomplete and disproportionately impacts Commerce's denominator that in turn inflates the consumption ratio.

19. Commerce also mischaracterized data placed on the record by ASEMESA from the Agencia de Información y Control Alimentarios (AICA) to represent harvest volume, ignoring numerous pieces of evidence in the record showing that it refers to consumption of specific olive varietals for table olives, permitting it to ignore 9 years of data from 2012 to 2021 demonstrating no substantial dependence even under the Department's erroneous standard.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court enter judgment as follows:

(A)  Enter judgment in favor of Plaintiffs;

(B)  Hold as unlawful Commerce's final results of the third administrative review of the countervailing duty order on Ripe Olives from Spain that are the subject of this Complaint,

(C)  Remand this proceeding to Commerce with instructions to publish revised final results and recalculate the countervailing rates applicable to Plaintiffs in conformity with the Court's decision; and

(D)  Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Matthew P McCullough

Matthew P McCullough

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006 202-452-7373
*Counsel for Plaintiffs*

Dated: May 2, 2024